**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | |
|---|---|
| **RAYFIELD WHITEMON, JR.** | ) |
| | ) |
| v. | )        3-06-CV-1753-B |
| | ) |
| **NATHANIEL QUARTERMAN, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2241

**Parties**: Petitioner is an inmate confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Beeville, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Whitemon was convicted for the offense of attempted burglary of a habitation as charged in the indictment returned in No. F-91-3772-SM for which he was assessed a term of 25 years imprisonment. He was thereafter released on parole on August 13, 2001. Following the issuance of a parole violator's warrant his parole was revoked on February 13, 2006, and his request to reopen his parole hearing was denied. His art. 11.07 application contesting the revocation of his parole was denied without written order by the Court of Criminal Appeals on

August 9, 2006. He then filed the present § 2241 petition.

**Findings and Conclusions**: As his sole ground for relief Whitemon alleges that his due process rights and the Double Jeopardy Clause were violated in the revocation of his parole. In determining the issues raised the court has also considered his memorandum of law submitted with his petition. In his answer Respondent claims that Petitioner's contentions insofar as they related to the alleged procedural deficits in the course of the parole hearing on February 2, 2006, have not been presented to the Texas state courts and are therefore unexhausted. However, liberally construed it does not appear that Whitemon is asserting that the procedural requirements which are due to a convicted person who is subject to a proceeding to revoke parole set out in Morrissey v. Brewer, 408 U.S. 471, 487-89 (1972), were not satisfied.

Rather, the essence of his claim is that his prior convictions were used to revoke his previously granted parole after an initial violator's warrant, alleging the same two convictions as grounds for revocation, was withdrawn. This claim was asserted in his art. 11.07 application filed on June 26, 2006, No. WR 31,584-04.[1] Although his application made reference to the Double Jeopardy Clause, Id. at 007, the basis for his claim was that his right to due process was violated. He specifically cited provisions of the Texas Government Code relating to parole revocation proceedings and cited a case, Rogers v. State, 640 S.W.2d 248 (Tex.Crim.App. 1982), which he claimed to support his position. Id. at 011-013. It is apparent that both the district attorney's office in its response, Id. at 018, and the state trial court in its findings, Id. at 20, failed to apprehend the basis for the relief sought. As evidenced by the Court of Criminal Appeals decision, No. WR

---

[1] Whitemon's three prior art. 11.07 applications, Nos. WR 31,584-01, WR 31,584-02 and WR 31,584-03 collaterally attacked his attempted burglary of a habitation conviction in No. F-91-3772-SM.

31,584-04 at cover, the trial court's recommended disposition was not accepted. See also Respondent's answer at 7.

Decisions to revoke parole are generally inviolate so long as there is some evidence to support the conclusion that the individual violated the conditions of parole. See e.g. Villareal v. U.S. Parole Commission, 985 F.2d 835, 839 (5th Cir. 1993).

On the one hand it may be argued that a State's parole revocation procedures are matters of State law only so long as the procedural requirements set out in Morrissey v. Brewer, supra, are satisfied. On the other hand when State law sets limits on matters which can be considered in determining whether a convicted person has violated conditions of parole, and when excluded matters provide the basis for revocation, it may be argued that the aggrieved person's due process rights have been violated.

In the instant case this question need not be decided since assuming arguendo that Whitemon's claim presents a cognizable basis for federal habeas corpus relief, he has failed to show that the Court of Criminal Appeals' decision was one in which the requirements of either § 2254(d)(1) or (d)(2) have been met.

His ground is premised on a decision of the Court of Criminal Appeals in which it was held that a term of probation, initially modified by a state trial court, based on violations of probationary terms which were admitted by the defendant, could not thereafter be revoked absent the existence of subsequent violations of conditions. Rogers v. State, 640 S.W. 2d 248, 254-255 (Tex.Crim.App. 1982).[2] However, more to the point is the prior decision in Furrh v. State, 582 S.W.2d 824, 826-27

---

[2] Ultimately the Court of Criminal Appeals determined that error had not been preserved. Id. at 263-265 on State's Second Motion for Rehearing.

(Tex.Crim.App. 1979). Whitemon seeks to apply the holding in Furrh to his parole revocation. Specifically he argues that the Board of Pardons and Paroles' withdrawal of its parole violator's warrant issued on November 1, 2005, and which alleged his two misdemeanor convictions as grounds for revocation, precluded consideration of these convictions at his revocation hearing held on February 2, 2006.[3]

Procedures for the disposition of state paroles are found in § 508.251, et seq, Texas Government Code. Whitemon argues that § 508.282 describes when parole violations are disposed of. He argues that disposition of a charge may occur when a parole violator's warrant is withdrawn. § 508.282(c). However, the plain wording of this provision shows that it refers to deadlines for compliance with § 508.281 - setting out the procedures for revocation hearings. There is no basis in fact or in law for the conclusion that the withdrawal of a warrant constitutes an adjudication on the merits, especially since § 508.282(e) provides that "if a warrant ... is withdrawn, a summons may issue for a person to appear for a hearing under § 508.281."

It is clear that a subsequent parole violator's warrant was issued, and that Whitemon admitted the Rule 2 violations - the misdemeanor convictions which occurred while he was on parole. See

---

[3]No portion of Petitioner's parole file was made a part of his art. 11.07 application. Respondent filed portions of his parole file in this petition, but there is no attestation that it constitutes Whitemon's complete file maintained by the Board. For the purposes of this recommendation, it is assumed that the actions and dates alleged in his art. 11.07 application and in his federal petition are correct. See also Parole Revocation Packet at 5, ¶ IV.

2006 Parole Revocation Packet at 8-9.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent

SIGNED this 20th day of February, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.